IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

VALDOSTA DIVISION

| | |
|---|---|
| KAREN R. RUSS and<br>SETH B. RUSS,<br><br>    Plaintiffs,<br><br>v.<br><br>TIFT COUNTY HOSPITAL<br>AUTHORITY d/b/a TIFT<br>REGIONAL MEDICAL CENTER,<br>CYNTHIA HALE, RN, FRANK<br>CASCIO and ALISON<br>JENNINGS, RN,<br><br>    Defendants. | )(<br>)(<br>)(<br>)(   CIVIL ACTION<br>)(   FILE NUMBER:<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( |

**COMPLAINT FOR DAMAGES**

COME NOW, KAREN R. RUSS and SETH B. RUSS, and show this Court as follows:

1.

Plaintiffs are residents of Virginia submit to the jurisdiction of this Court.

2.

Defendant Tift County Hospital Authority d/b/a Tift Regional Medical Center does business in Tift County, Georgia. It may be served via the President and CEO of Tift Regional Medical Center, William T. Richardson, FACHE, 901



East 18th Street, Tifton, Georgia 31794.

3.

Defendant Cynthia Hale, RN is a resident of the State of Georgia and may be served via her residential address of 233 Ty Ty Sparks Road, Ty Ty, Georgia 31795.

4.

Defendant FRANK CASCIO is a resident of the State of Georgia and may be served via his residential address of Willacoochee Highway, Douglas, Georgia 31533.

5.

Defendant Alison Jennings, RN is a resident of the State of Georgia and may be served via her residential address of 1621 Love Avenue, Apartment 4, Tifton, Georgia 31794.

6.

Jurisdiction and venue are proper as complete diversity exists and the amount in controversy is in excess of $ 75,000.00 dollars.

7.

On November 13, 2008, Karen Reed Russ presented to Tift Regional Hospital for a scheduled Cesarean Section.


MANIKLAL & DENNIS, LLP

8.

The standard of care for hospitals is that a policy be in place to ensure that all surgical equipment contacting the patient used during a surgical procedure is sterile.

9.

The standard of care required that Tift Regional Hospital, through its policies and procedures, had a policy in place as of November 13, 2008 that the instrument tray used during a surgical procedure was sterilized prior to the procedure.

10.

Defendants Hale, Cascio and Jennings all had a duty under the standard of care to ensure that the surgical tray utilized during the cesarean section of Karen Russ on November 13, 2008 had been sterilized and not contaminated prior to use on Mrs. Russ.

11.

Defendants Tift Regional Hospital, Hale, Cascio and Jennings failed to ensure that the surgical tray utilized during the procedure for Karen Russ had been sterilized and not contaminated prior to the procedure.

12.

The surgical instruments used during the surgical procedure on Karen Russ



were not sterile.

13.

The surgical instruments utilized during the procedure on Karen Russ had not been sterilized immediately prior to her procedure.

14.

The surgical instrument tray utilized during the procedure on Karen Russ had in fact been utilized for training purposes for approximately a year prior to Mrs. Russ' surgery.

15.

It was a violation of the standard of care applicable to nurses, the hospital and scrub technicians to allow a non-sterilized equipment tray to be utilized during the cesarean section of Karen Russ.

16.

The failure to utilize sterilized surgical equipment increases the risk a patient will contract infection.

17.

The failure to utilize sterilized surgical equipment increases the risk a patient will contract disease.

18.

The failure to utilize sterilized surgical equipment increases the risk a patient



will contract blood borne illnesses including but not limited to HIV.

19.

As a result of defendants' negligence in failing to ensure that a sterile equipment tray was utilized during the cesarean section procedure on Karen Reed Russ, Mrs. Russ suffered significant and permanent emotional distress from the time she learned of the use of non-sterile equipment to this day.

20.

Defendants' negligence proximately caused Karen Reed Russ to incur special damages in the form of medical bills that will be specified by amendment hereto for medical treatment including but not limited to undergoing testing and screening for HIV, Hepatitis, Syphilis, and any other potential infectious diseases that may have been contracted through the use of non-sterile equipment.

21.

Attached hereto is the affidavit of Debra N. Stewart, RNFA, MSN pursuant to O.C.G.A. § 9-11-9.1 specifying that defendants' conduct constitutes negligence.

22.

The affidavit of Debra N. Stewart, RNFA, MSN as attached hereto meets the legal requirements of O.C.G.A. § 9-11-9.1.

23.

Plaintiff SETH B. RUSS is the spouse of KAREN REED RUSS. He brings


MANIKLAL & DENNIS, LLP

this action for the loss of society, companionship and consortium of his wife KAREN REED RUSS brought about by the personal and mental injuries that she sustained due to the Defendants' negligence as enumerated above and seeks damages for such loss.

24.

At all times relevant hereto, Defendants Hale, Cascio and Jennings were employees and/or agents of Defendant Tift Regional Hospital acting within the course and scope of such employment.

25.

Defendant Tift Regional Hospital is liable for the negligence of Defendants Hale, Cascio and Jennings under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs pray for relief as shown as follows:

(a)   For service of process to issue;

(b)   For judgment in their favor for general, and special damages in excess of $75,000.00;

(c)   For TRIAL BY JURY; and

(d)   For all other and further relief as the Court may deem just and proper.

Respectfully submitted, this 23rd day of April, 2010.



                MANIKLAL & DENNIS, LLP

                */s/ Preyesh K. Maniklal*
                PREYESH K. MANIKLAL
                Georgia Bar No. 468887

                */s/ Saleem D. Dennis*
                SALEEM D. DENNIS
                Georgia Bar No. 218315

3250 Peachtree Industrial Boulevard
Suite 101
Duluth, Georgia  30096
(404) 875-0630

