IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KAREN R. RUSS and SETH B. RUSS, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 7:10-cv-31 (HL) |
| TIFT COUNTY HOSPITAL AUTHORITY d/b/a TIFT REGIONAL MEDICAL CENTER, et al., | : |
| Defendants. | : |

## ORDER

There are essentially two pending motions before the Court. The Defendants have filed motions to stay discovery (Docs. 29-32) and motions for judgment on the pleadings (Docs. 33-36). The motions to stay discovery are granted. The court defers ruling on the motions for judgment on the pleadings because, as is explained below, the Court must determine first whether it has subject matter jurisdiction over the case.

### I. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited subject matter jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). A district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id. at 1261. There are two bases for federal jurisdiction, federal question and diversity. Federal

question jurisdiction is not at issue in this case. Plaintiffs invoke diversity jurisdiction. Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### A. Diversity of Citizenship

A party must distinctly and affirmatively plead citizenship. <u>Tucker v. Thomasville Toyota</u>, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. <u>Id.</u> (citation omitted). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. <u>Id.</u> at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. <u>Id.</u> (Explaining that citizenship requires the person to be domiciled in the state).

Here, the Plaintiffs have failed to properly plead the citizenships of all parties. Plaintiffs have alleged the residency of the parties and where one Defendant does business, but not their citizenships. Accordingly, the Plaintiffs are ordered to file with this Court, no later than October 18, 2010, a brief containing evidence of the parties' citizenships.

### B. Amount in Controversy

In their complaint, the Plaintiffs state that their claims are for more than $75,000. However, the only allegations regarding the value of their claims are that

Plaintiff Karen Russ incurred damages in the form of medical bills (Compl. ¶ 20), damages in the form of emotional distress (Compl. ¶ 19), and Plaintiff Seth Russ suffered the loss of consortium of his wife Plaintiff Karen Russ (Compl. ¶ 23).

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.").

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute speculation, which is insufficient to satisfy the plaintiff's burden. Bradley v. Kelly Services, Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007).

In this case, the Plaintiffs are asking for an indeterminate amount in damages

because they have not placed a dollar value on any of their claims. Thus, it is now incumbent upon them to come forward with evidence sufficient to show by a preponderance of the evidence that their claims meet the jurisdictional minimum.

The Court will not reach the merits of the Defendants' motion for judgment on the pleadings until it determines subject matter jurisdiction; therefore, the Court will assume for purposes of establishing subject matter jurisdiction that the Plaintiffs state claims for emotional distress and loss of consortium.

To show the damages they have suffered, Plaintiffs are to present evidence on the amount of their medical bills and their claimed damages for emotional distress and loss of consortium. If they fail to support their emotional distress and loss of consortium claims with evidence on the amount of the damages, the complaint will be dismissed for lack of jurisdiction.[1]

Accordingly, the Plaintiffs are ordered to file with this Court, no later than October 18, 2010, evidence sufficient to show by a preponderance of the evidence that their claims exceed more than $75,000. The Plaintiffs shall file a brief with exhibits. The Defendants have until October 28, 2010, to respond.

---

[1] Sometimes the allegations in a complaint facially establish the jurisdictional requirements. In those cases, a Court is permitted to rely on its judicial experience and common sense to determine that the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010). Here, however, the allegations in the complaint lead the Court to conclude that the damages claimed by the Plaintiffs come nowhere close to $75,000. Thus, it is providing the Plaintiffs an opportunity to support their claims with facts showing that the amount in controversy exceeds $75,000.

## II. DISCOVERY STAY

The Defendants ask the Court to stay discovery pending resolution of the motion for judgment on the pleadings because conducting discovery while that motion is pending could result in extensive, unnecessary and expensive depositions. Plaintiffs ask the Court to permit discovery to proceed because "the effect of Defendant's motion to stay is to place the Plaintiffs in a box which prohibits Plaintiffs from obtaining any evidence to prove her claims while at the same time Defendants seek to dismiss Plaintiff's claims because she has no evidence to support her allegations." It seems that Plaintiffs believe that the resolution of the pending motion for judgment on the pleadings is somehow connected to whether the Plaintiffs have access to evidence to prove their claims. The plaintiffs are incorrect. A motion for judgment on the pleadings is decided on the pleadings alone. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002) (applying the standard for a Rule 12(b)(6) dismiss for failure to state a claim to a Rule 12(c) motion for judgment on the pleadings). Whether a party has had the opportunity to support its allegations in its pleadings is irrelevant to deciding the motion for judgment on the pleadings.

The Defendants have shown good cause to stay discovery because there is no need for discovery until the Court rules on the pending motion for judgment on the pleadings. Accordingly, the Defendants' motions to stay discovery (Docs. 29-32) are granted.

## III. CONCLUSION

The Plaintiffs are ordered to file a brief no later than October 18, 2010, setting forth the citizenship of the parties and showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Defendants may respond no later than October 28, 2010. If the Plaintiffs wish to file a reply, then they must seek the Court's permission to do so. The Plaintiffs are to file a joint brief since they are represented jointly by the law firm Maniklal & Dennis, L.L.P. The Defendants are to file a joint brief as they are all represented by Ross Pittman.

Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of the case for lack of jurisdiction.

Discovery in this case is stayed. The stay will be lifted if and when the Court rules on the pending motion for judgment on the pleadings.

**SO ORDERED**, this the 7th day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc